IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC M. JONES, | * | |
| Plaintiff, | * | |
| v. | * | 3:11-CV-412-TMH |
| | | (WO) |
| RUSSELL COUNTY SHERIFF'S DEPARTMENT, | * | |
| | * | |
| Defendant. | | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Russell County Jail located in Phenix City, Alabama. He brings this 42 U.S.C. § 1983 action against the Russell County Sheriff's Department claiming that his legal mail was improperly opened. Plaintiff requests damages. Upon review of the complaint, the court concludes that dismissal of this case against the named defendant prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff contends that on five occasions in April and May 2011 his legal mail was opened. He claims that he noticed his "legal mail being opened without [his] present [sic]; [his] legal mail was opened without [his] consent." (*Doc. No. 1 at pgs. 2-3.*)

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The sole defendant named to this cause of action is the Russell County Sheriff's Department.  The Russell County Sheriff's Department is not a  legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's complaint against this Defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's complaint against the Russell County Sheriff's Department be DISMISSED  with  prejudice  in  accordance  with  the  provisions  of  28  U.S.C.  § 1915(e)(2)(B)(i);  and

2.   This case be DISMISSED prior to service of process.

 It is further

ORDERED  that  the  parties  are  DIRECTED  to  file  any  objections  to  the

---

[2] Plaintiff has not described the "legal mail" he contends was opened improperly.  The court notes that the dates provided by Plaintiff coincide with dates when he may have received mail from this court with respect to a previous complaint he filed.  *See Jones v. Russell County Sheriff's Department, et al.*, Civil Action No. 3: 11-CV-290-ID (M.D. Ala. 2011).  If such is the case, it is doubtful that  mail Plaintiff received from this court can be considered "legal mail." Rather, such mail merely represents copies of documents which have been filed in his case, and as such, are a matter of public record. Such mail is not in any way privileged, and a jail's opening of it is not a constitutional violation. Generally, privileged prisoner mail is mail to or from an inmate's attorney and identified as such. *See Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981); *citing Wolff v. McDonnell,* 418 U.S. 539, 576-77 (1974). Additionally, inadvertent instances of opening incoming confidential legal mail will not support a § 1983 damage action. *See Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990) (an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.").

Recommendation on or before **June 28, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of June, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE